A. DAVID WILLIAMS (Cal. Bar No. 183854)
williamsdav@sec.gov
JOSEPH V. JEST (DC Bar No. 412338)
jestj@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549-4010
Telephone: (202) 551-4548 (Williams)
Telecopier: (202) 772-9246 (Williams)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MERCURY INTERACTIVE, LLC (F/K/A/ MERCURY INTERACTIVE, INC.), AMNON LANDAN, SHARLENE ABRAMS, DOUGLAS SMITH and SUSAN SKAER<br><br>Defendants. | Civil Action No. 5:07-cv-02822-JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** |

Plaintiff Securities and Exchange Commission (the "Commission") and defendants Amnon Landan, Sharlene Abrams, Douglas Smith and Susan Skaer submit this Joint Case Management Conference Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case.

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT
SEC v. MERCURY INTERACTIVE, et al.,
No. 5:07-cv-02822-JF

<u>Meeting of Parties</u>: Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on August 17, 2007 at 1:30 pm by telephone and was attended by:

| Name | Counsel for |
|---|---|
| A. David Williams, Esq. | Plaintiff SEC |
| Joseph V. Jest, Esq. | Plaintiff SEC |
| Andrew T. Solomon, Esq. | Defendant Amnon Landan |
| John D. Cline, Esq. | Defendant Amnon Landan |
| Patrick D. Robbins, Esq. | Defendant Douglas Smith |
| Jeffrey S. Facter, Esq. | Defendant Douglas Smith |
| C. Brandon Wisoff, Esq. | Defendant Sharlene Abrams |
| James C. Mann, Esq. | Defendant Sharlene Abrams |
| James A. Meyers, Esq. | Defendant Susan Skaer |
| Melinda Haag, Esq. | Defendant Susan Skaer |

## DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

<u>Commission's Description of the Case</u>:

This is an enforcement action brought by the Commission against four former executives of Mercury Interactive ("Mercury") alleging that defendant Amnon Landan, the former chief executive officer of Mercury, along with defendants Sharlene Abrams and Douglas Smith, former chief financial officers of Mercury, and defendant Susan Skaer, Mercury's former general counsel, conducted a years-long fraudulent scheme to backdate stock options granted to Mercury's senior executives and employees, beginning no later than 1997 and persisting at least through 2005. The Commission alleges that the defendants falsely backdated the option grants in Mercury's official grant documentation so that it would look like the options had been granted on dates in the past when Mercury's stock price was particularly low, in order to add value to the grants. The Commission alleges that defendants Landan, Smith and Abrams personally approved multiple backdated grants as members of the company's Stock Option Committee, and Skaer facilitated the backdating of the grants by preparing the documentation that falsely memorialized the grants. In addition, the Commission alleges that Landan, Abrams, Smith and Skaer recommended retroactive dates and prepared false documentation causing the company's Compensation Committee to backdate numerous additional grants. According to the complaint, the defendants misrepresented the date to

1  hide the necessary expense that they knew Mercury should have recorded and reported in its financial
2  statements to shareholders.  The Commission also alleges that the defendants breached a fiduciary
3  duty to Mercury's shareholders in connection with the grants of stock options by giving stock option
4  recipients options more valuable than what would be permitted under Mercury's shareholder
5  approved stock option plan.
6      The complaint also alleges that Landan and Abrams backdated stock option exercises by
7  weeks and sometimes months to dates consistent with low-points of the company's stock, in order to
8  minimize their taxable gain on exercise.  The complaint further alleges that Skaer assisted Landan
9  and Abrams in concealing this benefit from Mercury's shareholders by preparing materially false and
10 misleading proxy disclosures relating to officer stock option exercises and Forms 4 filed in the name
11 of Landan and Abrams that falsely reported the date of exercise of the options.
12     The complaint additionally alleges that Skaer, Abrams and others participated in the
13 fraudulent structuring of overseas employee stock option exercise transactions to conceal the variable
14 accounting consequences of those transactions.  By structuring non-recourse loans to appear to be
15 recourse obligations, the Commission contends that Skaer and Abrams caused the company to fail to
16 report compensation expense incurred as a result of the transactions.
17     The complaint finally alleges that Landan and Abrams manipulated the company's reported
18 earnings per share ("EPS") to meet or exceed financial analyst consensus expectations by managing
19 the timing of revenue recognition of the company's products.  The Commission contends that
20 Abrams and Landan at times suspended the quarter-end shipment of the company's products once
21 revenue targets for a period had been achieved, pushing the recognition of the revenue into
22 subsequent periods.  They then concealed this conduct by making false statements in the company's
23 required disclosures related to the "backlog" of product bookings in the company's financial
24 statements.
25     The Commission alleges that Landan, Abrams, Smith and Skaer violated Section 10(b) of the
26 Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder,
27 17 C.F.R. § 240.10b-5, and Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C.
28

§ 77q(a), by making material misrepresentations and omissions of fact and by engaging in fraudulent devices in connection with the purchase and sale of securities. The Commission also alleges that each of the defendants also directly, or as aiders and abettors, violated the Exchange Act by falsifying documents and circumventing internal controls (15 U.S.C. § 78m(b)(5) and 17 C.F.R. § 240.13b2-1); providing substantial assistance to a company's filing of materially false and misleading periodic reports (15 U.S.C. § 78m(a), 17 C.F.R. §§ 240.12b-20, 13a-1, 13a-13) and proxy statements (15 U.S.C. § 78n(a) and 17 C.F.R. § 240.14a-9); providing substantial assistance to a company's making or keeping inaccurate books and records and inadequate internal controls (15 U.S.C. § 78m(b)(2)(A) & (B)); making or causing to be made materially false or misleading statements or omissions to an accountant (17 C.F.R. 240.13b2-2); and filing inaccurate reports of securities transactions (15 U.S.C. § 78p(a) and 17 C.F.R. § 240.16a-3). The Commission also alleges that Landan and Smith falsely certified financials contained in periodic reports in violation of 17 C.F.R. § 240.13a-14. The Commission seeks injunctions against each of the defendants prohibiting future violations of the above provisions; disgorgement from each of them of their wrongfully obtained benefits, plus prejudgment interest; civil monetary penalties pursuant to the Securities Act and the Exchange Act (15 U.S.C. §§ 77t(d) and 78u(d)(3)); a bar against defendants serving as officers or directors of any public company; and an order requiring Landan and Smith to repay bonuses and stock profits (15 U.S.C. § 7243).

Defendants' Description of the Case:

Defendants acknowledge that they are former officers of Mercury. They otherwise deny each and every one of the allegations the SEC has set forth above. In addition, and among other things (and thus reserving their rights to assert other affirmative defenses should the need arise), each defendant denies that (i) he or she had the necessary state of mind to violate any securities laws or regulations; or that (ii) the alleged conduct was material to a reasonable investor, to Mercury's financials statements, or to Mercury's stock price. Defendants' description of the case will be fleshed out in fuller detail in their upcoming motions to dismiss, to be filed by October 1, 2007.

**2. The principal factual issues which the parties dispute:**

As noted above, defendants dispute each of the factual allegations set forth in the Commission's statement above. In particular, but without limitation, defendants dispute that they participated in any fraudulent scheme. Additionally, the defendants dispute that they hid stock option expenses that they knew Mercury should have recorded and reported in its financial statements to shareholders; that they intended to misstate Mercury's financial statements; or that they falsely certified Mercury's financials. *See* Defendants' Description of the Case, *supra*, for additional areas of factual dispute between the parties.

**3. The principal legal issues which the parties dispute:**

Defendants maintain that, to establish a violation of the antifraud provisions of the securities laws, the Commission must prove, among other things, that defendants acted with scienter and that the alleged false and misleading statements or omissions were material. Defendants maintain that, to establish most if not all of its remaining charges, the Commission must prove, among other things that defendants acted knowingly. Defendants dispute that their conduct violated the Securities Act, the Exchange Act, or any rules thereunder. Defendants further assert that the Commission is not entitled to any relief against them, including an injunction; disgorgement or prejudgment interest thereon; civil monetary penalties pursuant to the Securities Act and the Exchange Act (15 U.S.C. §§ 77t(d) and 78u(d)(3)); repayment of salary and bonuses pursuant to 15 U.S.C. § 7243 or otherwise; or an order barring defendants permanently or temporarily from serving as an officer or director of a public company. As this litigation advances, additional legal issues may come to light.

**4. The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

None at this time.

**5. The parties which have not been served and the reasons:**

Each defendant has been served or has waived service.

**6. Prior or pending motions, their current status, and any anticipated motions:**

Each of the defendants anticipates filing a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and/or a motion for a more definite statement pursuant to FRCP Rule 12(e).

**7. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings:**

Plaintiff anticipates that it is possible that it will seek to add additional defendants. Should such amendment occur, plaintiff expects that it will occur before May 1, 2008.

**8. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material:**

Plaintiff has preserved all documents and other materials in its investigative file and will continue to do so throughout the pendency of the litigation. Each defendant also has taken and continues to take steps to preserve evidence relevant to the action.

**9. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made:**

On July 2, 2007, Plaintiff produced to each defendant a hardcopy of transcripts of testimony and investigative testimony exhibits from its investigation which led to the present case. Plaintiff expects to produce to the defendants its initial disclosures on August 31, 2007, along with electronic versions of all testimony transcripts and exhibits. In addition, Plaintiff is coordinating with counsel for each of the defendants regarding its production of documents gathered in its investigation. Because the documents are voluminous, the Plaintiff has proposed that it produce the documents electronically to one defendant who will serve as a document repository for the remaining three defendants. Because of the volume of the documents and the fact that a number of documents are still being converted to electronic format, Plaintiff anticipates that the materials will be produced in a "rolling" fashion. Defendants expect to make their initial disclosures in a timely manner as ordered by the Court, with document production occurring at a time and place to be mutually agreed upon by

1  counsel; in that regard, defendants note that the overwhelming majority, if not indeed all, of the
2  documents called for by their initial disclosures have already been provided to the SEC by Mercury
3  Interactive Corp. during the course of the SEC's investigation of this matter.

4  **10. The following parties consent to assignment of this case to a United States Magistrate**
5  **Judge for trial:**

6  The parties do not consent to assignment of this case to a United States Magistrate Judge.

### Discovery Plan and Alternative Dispute Resolution

8  11. The parties have agreed to a stipulated briefing schedule on the defendants' motions to
9  dismiss. Motions are due to be filed by October 1, 2007, and Plaintiff's opposition will be due by
10 December 1, 2007. Any reply will be due by January 31, 2008. The parties believe that it is
11 premature to establish a discovery schedule before completion of initial document production and the
12 resolution of the motions to dismiss, as the motions may impact the factual or legal issues at issue in
13 the litigation, if not render any discovery schedule moot. In addition, as reported in the Stipulation
14 and [Proposed] Order Selecting ADR Process (pursuant to ADR L.R. 3-5(c)) filed August 22, 2007,
15 the parties believe that ADR may be productive in terms of facilitating a possible resolution of the
16 matter. The parties propose that both sides participate in mediation using a private mediator
17 following the completion of briefing of defense motions. The parties subsequently will report back to
18 the Court and inform the Court whether the mediation has been successful. If mediation is not
19 successful, the parties will ask the Court to resolve the pending motions to dismiss, and if resolution
20 of the motions does not entirely dispose of this case, the parties will then promptly propose a
21 discovery plan – including proposed discovery cutoffs, expert deadlines, and trial dates – to the
22 Court.

23 **12. Other:**

24 In keeping with Federal Rule of Civil Procedure 26 (as amended, effective December 1,
25 2006), the Commission proposes an order regarding claims of privilege or of protection as work-
26 product or trial-preparation material asserted after production, as follows:

        a. To facilitate the expeditious delivery of documents and other information, the parties agree that the inadvertent disclosure of materials that are protected by any valid claim of privilege, or as trial preparation material or work-product, will not by itself constitute a waiver of such privileges or protections.

        b. Whenever any receiving party learns, through review of the material, notice from another party, or otherwise, that materials which reasonably appear to be subject to protections by a claim of privilege, or as trial preparation material or work-product, have been inadvertently produced by another person, the party receiving the material will refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the producing person that the receiving party possesses material that appears to be privileged or subject to such other protections.  If upon such notification the producing party asserts a privilege or protection, the receiving party will destroy all copies and notify the producing person whether any copies may have been reproduced to any other persons.

        c. Whenever any producing party discovers through review of the material, notice from another party, or otherwise, that the party has inadvertently produced material over which the party claims a privilege, or protections as trial preparation material or work-product, the producing party shall immediately notify all persons to whom the material was produced of the inadvertent disclosure, by: providing a reasonable means for the notified persons to locate the material (by bates number, date, or other description); and describing the nature of the privilege or other protection asserted.

        d. In order for any inadvertent disclosure to constitute a waiver, the receiving party must have changed his position by incorporating the material into his trial preparation in reasonable reliance on the non-privileged or non-protected nature of the document.

        e. The parties agree not to disclose materials gathered through the discovery process other than for purposes related to the litigation.

    Defendants do not believe that the Commission's proposed order regarding inadvertent disclosure of allegedly privileged materials is either necessary or appropriate.  Defendants submit that

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
SEC v. MERCURY INTERACTIVE, et al.,
No. 5:07-cv-02822-JF    8

existing case law and codes of ethics satisfactorily address the Commission's stated concern regarding inadvertent disclosure of attorney-client privilege or attorney work product documents or information.

Respectfully submitted,

Dated: September 7, 2007
    /s/
A. David Williams
Securities and Exchange Commission

Dated: September 7, 2007
    /s/
C. Brandon Wisoff, Esq.
Farella, Braun & Martel, LLP

Dated: September 7, 2007
    /s/
James A. Meyers, Esq.
Orrick, Herrington & Sutcliffe, LLP

Dated: September 7, 2007
    /s/
John D. Cline, Esq.
Sullivan & Worcester, LLP

Dated: September 7, 2007
    /s/
Patrick D. Robbins, Esq.
Shearman & Sterling LLP

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____        _____
                                                                Jeremy Fogel
                                                                UNITED STATES DISTRICT JUDGE