MELINDA HAAG (STATE BAR NO. 132612)
mhaag@orrick.com
JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
jmeyers@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
M. TODD SCOTT (STATE BAR NO. 226885)
tscott@orrick.com
LUCY E. BUFORD (STATE BAR NO. 244885)
lbuford@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   415-773-5700
Facsimile:    415-773-5759

Attorneys for Defendant
SUSAN SKAER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERCURY INTERACTIVE, LLC (F/K/A/ MERCURY INTERACTIVE, INC.), AMNON LANDAN, SHARLENE ABRAMS, DOUGLAS SMITH and SUSAN SKAER,<br><br>　　　　　Defendants. | Case No.  5:07-cv-02822-JF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT SUSAN SKAER'S MOTION TO DISMISS THE SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT**<br><br>Date:　　　March 14, 2008<br>Time:　　　9:00 a.m.<br>Judge:　　　Hon. Jeremy Fogel |

Defendant Susan Skaer respectfully requests that, in connection with her Motion To Dismiss, the Court take judicial notice of each of the following documents pursuant to Federal Rule of Evidence 201:

**Exhibit A.** **A true and correct copy of the July 6, 2006 Remarks Before the International Corporate Governance Network 11th Annual Conference by Paul S. Atkins, SEC Commissioner.**

**Exhibit B.** **A true and correct copy of the February 2007 Brief for the United States as Amicus Curiae Supporting Petitioners filed with the United States Supreme Court in the matter of *Tellabs, Inc. v. Makor Issues & Rights, Ltd.***

**Exhibit C.** **A true and correct copy of the document that the SEC characterizes in the second sentence of ¶ 42 of its Complaint.** ***See*** **accompanying Declaration of James A. Meyers.**

**Exhibit D.** **A true and correct copy of the September 19, 2006 Letter from Conrad Hewitt, SEC Chief Accountant, to Messrs. Lawrence Salva and Sam Ranzilla.**

## ANALYSIS

The above-referenced documents are proper subjects of judicial notice. To evaluate a motion to dismiss, courts consider documents that are attached to the complaint, documents incorporated by reference (explicitly and implicitly) in the complaint, and documents that are capable of accurate and ready determination and not reasonably subject to dispute. *See* Fed. R. Evid. 201; *see also In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) ("[a] court may take judicial notice of a fact that is not subject to reasonable dispute in that it is either (1) generally known within the jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) ("documents *crucial to plaintiff's claims* but not explicitly incorporated in a complaint can be noticed in order

to prevent a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based") (emphasis added).

### A. Published Reports and Articles Are Judicially Noticeable

The Court may also take judicial notice of the fact that information was disclosed in published sources such as reports or articles. *See Heliotrope General, Inc. v. Ford Motor Corp.*, 189 F.3d 971, 981 (9th Cir. 1999) (taking judicial notice that market was aware of information published in financial articles). Moreover, courts often take judicial notice of news articles or reports and similar information published in the public domain, even if such articles or reports are not referenced in the complaint. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (taking judicial notice of newspaper report); *Bowoto v. Chevron, Corp.*, No. C-99-02506 SI, 2006 WL 2455752, at *2, n.4 (N.D. Cal. Aug. 22, 2006) (taking judicial notice of amicus briefs filed in other cases); *Papai v. Harbor Tug & Barge Co.,* 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds* 520 U.S. 548 (1997) (noting that a court may take judicial notice of the record of an administrative agency); *Corrie v. Caterpiller, Inc.*, ___F.3d ___, 2007 WL 2694701, at *2, n.2 (9th Cir. Sept. 17, 2007) (citations omitted) (taking judicial notice of government publication); *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C. 06-1254 (SBA), 2007 WL 18911, at *3 (N.D. Cal. Jan. 9, 2007) (same). Applying these cases, it is clear that the Court may take judicial notice of Exhibits A, B and D hereto — respectively, (i) the SEC's publication of the prepared remarks of one of its Commissioners, Paul S. Atkins, regarding difficulties in concluding that use of historical dates for options grants constitutes illegal "backdating"; (ii) the February 2007 Brief for the United States as Amicus Curiae Supporting Petitioners filed with the United States Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*; and (iii) the September 19, 2006 letter from Conrad Hewitt, SEC Chief Accountant, to Messrs. Lawrence Salva and Sam Ranzilla — without converting Ms. Skaer's motion to dismiss into a summary judgment motion.

### B. Documents Relied Upon in The Complaint Are Judicially Noticeable

Under the incorporation by reference doctrine, the Court is expressly authorized to consider documents on the motion to dismiss "whose contents are alleged in the complaint . . . but

-3-

1  which are not physically attached to plaintiff's pleading." *Silicon Graphics*, 183 F.3d at 986
2  (citing *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994)).  A court is not bound by plaintiffs'
3  selective reference to documents cited in the complaint and may, in ruling on a motion to dismiss,
4  consider the full text of documents that the complaint quotes or refers to only in part.  *See In re*
5  *Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Fecht v. Price Co.*, 70 F.3d 1078,
6  1080 n.1 (9th Cir. 1995).  *See also In re Atmel Corp. Derivative Litig.*, 2007 WL 2070299, at *4
7  (N.D. Cal. July 16, 2007) (Fogel, J.) ("under the 'incorporation by reference' doctrine, the Court
8  also may consider documents that are referenced extensively in the complaint and are accepted by
9  all parties as authentic, even though the documents are not physically attached to the complaint").

10       This rule also extends to documents not expressly referenced in the complaint, but upon
11 which plaintiffs' complaint necessarily relies.  *See Judd v. AT&T Co.*, 95 P.3d 337, 343 (Wash.
12 2004) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)); *see also Branch v.*
13 *Tunnell*, 14 F.3d at 453-454 ("when [the] plaintiff fails to introduce a pertinent document as part
14 of his pleading, defendant may introduce the exhibit as part of his motion attacking the
15 pleading").

16       Applying these principles, the Court may take judicial notice of Exhibit C, the document
17 described by the SEC in the second sentence of ¶ 42 of its Complaint as Ms. "Skaer's notes" of
18 the March 1999 telephonic meeting of the Board of Directors of Mercury Interactive, Inc.
19 Though this document is the *only* document or other evidence alleged in the Complaint that the
20 SEC contends purports to "show" Ms. Skaer's "knowledge of options accounting" (*id.*), the SEC
21 nevertheless chose not to attach the document to the Complaint or even quote from it, instead
22 proffering only a self-serving characterization of the document.  Given the SEC's exclusive
23 reliance on Exhibit C hereto to plead an essential element of its claims, and the fact that
24 / / /
25 / / /
26 / / /
27 / / /
28

-4-

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT SUSAN SKAER'S
MOTION TO DISMISS THE SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT (5:07-CV-02822-JF)

authenticity is not disputed for purposes of Ms. Skaer's motion to dismiss,[1] the Court may take judicial notice of it without converting the motion to dismiss into summary judgment motion.

Dated: October 1, 2007      RESPECTFULLY SUBMITTED,

MELINDA HAAG
JAMES A. MEYERS
JAMES N. KRAMER
M. TODD SCOTT
LUCY E. BUFORD
Orrick, Herrington & Sutcliffe LLP


*/s/ Melinda Haag*
MELINDA HAAG
Attorneys for Defendant
SUSAN SKAER

---

[1] There is no question that the SEC views Exhibit C as Ms. Skaer's notes of Mercury's March 1999 telephonic Board meeting. *See* accompanying Declaration of James A. Meyers. Ms. Skaer accepts this characterization solely for purposes of her motion to dismiss, but reserves the right to challenge the authenticity of this document at trial and for all other purposes, if necessary.