**E-Filed 4/7/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MERCURY INTERACTIVE, LLC., et al.,<br><br>Defendants. | Case Number 5:07-cv-02822-JF<br><br>ORDER[1] DENYING MOTION FOR RECONSIDERATION; AND GRANTING MOTION FOR INTERLOCUTORY APPEAL |

Defendants Douglas Smith and Amnon Landan request reconsideration in part of the Court's order of September 27, 2010 ("September 27 Order"), which among other things denied Defendants' motions to dismiss the eleventh claim for relief asserted by Plaintiff Securities and Exchange Commission ("the SEC"). The eleventh claim seeks disgorgement of Defendants' bonuses and stock profits pursuant to § 304 of the Sarbanes-Oxley Act, 15 U.S.C. § 7243. In the event that it denies the motion for reconsideration, Defendants request that the Court certify particular aspects of the September 27 Order for interlocutory appeal. The SEC opposes both motions, but it requests that additional aspects of the September 27 Order be included in any certification for interlocutory appeal. For the reasons discussed below, the motion for

---

[1] This disposition is not designated for publication in the official reports

Case No. 5:07-cv-02822-JF
ORDER DENYING MOTION FOR RECONSIDERATION ETC.
(JFLC2)

reconsideration will be denied, and the motion for interlocutory appeal will be granted with respect to the issues raised by both parties.

## I. MOTION FOR RECONSIDERATION

A party seeking reconsideration of the Court's order must show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil. L.R. 7-9(b).

Defendants argue that the Court failed to consider dispositive legal arguments with which it was presented. In particular, Defendants contend that the Court failed to apply the rule of lenity, under which ambiguities in § 304 must construed in their favor. "Due process requires that before a criminal sanction or significant civil or administrative penalty attaches, an individual must have fair warning of the conduct prohibited by the statute or the regulation that makes such a sanction possible." *County of Suffolk v. First Am. Real Estate Solutions*, 261 F.3d 179, 195 (2d Cir. 2001). Ambiguities in such statutes must be resolved in favor of the defendants. *Fed. Election Comm'n v. Arlen Specter '96*, 150 F. Supp. 2d 797, 812 (E.D. Pa. 2001).

Section 304 of the Sarbanes-Oxley Act provides in relevant part as follows:

If an issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with *any financial reporting requirement under the securities laws*, the chief executive officer and chief financial officer of the issuer shall reimburse the issuer for–

(1) any bonus or other incentive-based or equity-based compensation received by that person from the issuer during the 12-month period following *the first public issuance or filing* with the Commission (whichever first occurs) of the financial document embodying such financial reporting requirement; and

(2) any profits realized from the sale of securities of the issuer during that 12-month period.

1   15 U.S.C. § 7243(a) (emphasis added).

2       In its September 27 Order, the Court held that "because separate reporting requirements compel the filing of both quarterly and annual reports, *see* Securities Exchange Act Rules 13a-1 (annual reports) and 13a-13 (quarterly reports), the 'first' annual report to conceal the material information may trigger application of § 304 even if such report is filed after the 'first' quarterly report to conceal the information." September 27 Order at 7. The Court thus concluded that the SEC may seek disgorgement of compensation received by Defendants during the twelve-month periods following both the filing of the August 13, 2002 Form 10-Q and the filing of the March 14, 2003 Form 10-K. *Id*.

        Defendants contend that although the phrase "any financial reporting requirement under the securities laws" could be construed to encompass the requirements for filing quarterly and annual reports, the phrase alternatively could be construed to encompass only the general requirement that financial results must be in accordance with generally accepted accounting principles ("GAAP"). Defendants point out that the harm in this case was caused not by a failure to file quarterly or annual reports, but rather by a failure to ensure that those reports complied with GAAP. Defendants assert that under these circumstances, their proposed construction is at least reasonable; given two reasonable constructions, the rule of lenity requires that the Court adopt the construction favoring Defendants.

        This Court implicitly has concluded that § 304 is a penalty provision; in its order of September 15, 2009, the Court rejected the SEC's proposed construction that a twelve-month period is triggered by the first filing of any particular document, holding that even if this were one possible reasonable construction, Defendants' reading was equally reasonable and thus must be adopted under *County of Suffolk*. However, even applying the rule of lenity, Defendants' proposed construction of the phrase "any financial reporting requirement under the securities laws" is unreasonable. Defendants offer no authority for their assertion that "financial reporting requirement" does *not* refer to a requirement to file financial reports, but rather to a requirement to file such reports *in accordance with GAAP*. Numerous decisions use the term "reporting requirements" to refer to an issuer's obligations to file quarterly and annual reports. *See, e.g.*,

3

*United States v. Berger*, 473 F.3d 1080, 1099 (9th Cir. 2007) (referring to the mandatory filing of Forms 10-Q and 10-K as "reporting requirements"); *SEC v. Fehn*, 97 F.3d 1276, 1281 (9th Cir. 1996) (noting that issuer was not in compliance with "reporting requirements" because it had failed to file a Form 10-Q); *McGann v. Ernst & Young*, 102 F.3d 390, 397 (9th Cir. 1996) ("federal reporting requirements, such as the Form 10-K, exist to control the accuracy of the financial data available to investors in the securities markets") (internal quotation marks and citation omitted); *SEC v. Retail Pro, Inc.*, 673 F. Supp. 2d 1108, 1129 (S.D. Cal 2009) (referring to "the issuer reporting requirements of Section 13(a) of the Exchange Act"). Accordingly, the Court declines to reconsider its construction of § 304.

## II. MOTION FOR INTERLOCUTORY APPEAL

Under 28 U.S.C. § 1292(b), the Court may certify an order for immediate appeal upon finding: (1) the existence of a controlling question of law, (2) substantial grounds for difference of opinion, and (3) that an immediate appeal would materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

The Court concludes that the appropriate construction of § 304 is a controlling question of law, and that an immediate appeal would materially advance the ultimate termination of the litigation. The bulk of the damages sought against Defendants arise from the § 304 claims. A final resolution as the scope of the statute would have a significant effect on the trial of this action, and perhaps upon the parties' efforts to reach settlement.

Moreover, there are substantial grounds for a difference of opinion. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, *or if novel and difficult questions of first impression are presented*." *Couch v. Telescope, Inc.* 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation marks and citation omitted) (emphasis added). As evidenced by its orders, this Court has grappled with a number of novel and difficult questions in the course of construing § 304.

Accordingly, the Court will certify this matter for interlocutory appeal.

**III. ORDER**

Good cause therefor appearing,

(1) the motion for reconsideration is DENIED;

(2) the motion for interlocutory appeal is GRANTED. The Court certifies for interlocutory appeal its determinations that:

    (a) the rule of lenity applies to § 304;

    (b) Defendants' construction of the phrase "any financial reporting requirement under the securities laws" is unreasonable; and

    (c) in this case, the phrase "first public issuance or filing" refers to the first quarterly or annual report that should have reflected the compensation expense resulting from the options grant.[2]

(3) At the hearing on the instant motions, the Court inquired of counsel whether this litigation could proceed during the pendency of an interlocutory appeal. Both counsel answered in the affirmative. The Court will take up the question again at the case management conference on April 15, 2011, at 10:30 a.m.

Dated: 4/7/2011

_____
JEREMY FOGEL
United States District Judge

---

[2] The Court first addressed the phrase "first public issuance or filing" in its order of September 15, 2009. However, the Court touched on the phrase again in its order of September 27, 2010, and construction of the phrase is central to determining the scope of § 304 in this case.