United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>   v.<br><br>MERCURY INTERACTIVE, LLC, et al.,<br><br>           Defendants. | Case No.: 07-cv-2822 WHA (JSC)<br><br>**ORDER RE: REQUEST FOR ADDITIONAL DISCOVERY** |

This action has been referred to the undersigned for resolution of discovery disputes. Defendants filed a motion for terminating sanctions on May 10, 2012, alleging that Plaintiff SEC willfully spoliated millions of potentially relevant documents. (Dkt. No. 212.) After hearing oral argument, the Court granted Defendants the opportunity to conduct additional discovery of Davis Polk & Wardwell related to the motion and file supplemental briefing. (Dkt. No. 229.)

The Court is in receipt of Defendants' letter dated June 20, 2012 and the attached declaration and exhibits. (Dkt. Nos. 230-231.) Defendants request an order compelling Plaintiff's production of notes from a conference call referenced in Carrie Holt's Declaration in Support of Plaintiff's Opposition to Defendant's Motion for Sanctions ("Holt

1  Declaration") (Dkt. No. 219.)  Defendants also request an order permitting the deposition of
2  Ms. Holt on an expedited basis.

3        The Holt Declaration states that Davis Polk & Wardwell ("DPW"), counsel for former
4  Defendant Mercury Interactive LLC ("Mercury"), instructed Ms. Holt to return or delete
5  certain documents produced during the SEC's investigation.  The Holt Declaration
6  references Ms. Holt's notes of a December 14, 2007 conference call between the SEC and
7  DPW in which Ms. Holt received confirmation that the documents were to be returned or
8  deleted.  (Dkt. No. 219 ¶ 15.)  Defendants contend that no such conference call took place
9  between DPW and the SEC on December 14, 2007, and suggest that Ms. Holt was perhaps
10 referring to a call that took place December 14, *2006* ("December 2006 Call").  (Dkt. No.
11 231 ¶¶ 32-33, 35-36.)  Defendants, based on e-mails and the almost six-year-old memory of
12 the declarant, Paul Spagnoletti, a partner at DPW, contend that the December 2006 Call only
13 dealt with "technical issues" and "the possible re-production of documents" which the SEC
14 was having difficulty accessing.  Mr. Spagnoletti asserts further that Ms. Holt would not
15 have been instructed to delete documents.  (Dkt. No. 231 ¶¶ 36-37, 39-40.)  Given Mr.
16 Spagnoletti's representations and Ms. Holt's reliance on her notes for her declaration, Ms.
17 Holt's notes may be relevant.  Accordingly, it appears the SEC should produce Ms. Holt's
18 notes.

19       The Court is not persuaded, however, that a deposition of Ms. Holt – who is about to
20 go on maternity leave – is warranted.  The timeline of the discovery record in this case is
21 more indicative of a mistake when recording the date in her declaration, rather than
22 malfeasance on the part of Ms. Holt.  Indeed, that that call took place on December 14, 2006,
23 as opposed to December 14, 2007, actually makes more sense and sheds some clarity on the
24 discovery record.  Further, Defendants' sanctions motion did not request relief in the form of
25 additional discovery.  The Court raised the issue at the hearing because Defendants had not
26 offered any evidence from anyone at DPW to contradict the SEC's version of events.
27 Defendants now have a declaration and, as previously ordered, may file a further brief in
28 support of their motion for terminating sanctions.  Moreover, the Court delayed ruling on the

1 motion for sanctions in part to allow Defendants to attempt recovery of the "missing
2 documents" from Hewlett Packard, Mercury's parent company, with the SEC's assistance.
3 Defendants' letter makes no reference to the status of these efforts.
4     Accordingly, on the record before the Court, Defendants have shown good cause for
5 Ms. Holt's notes, but have not shown good cause to take her deposition.  Plaintiff shall
6 produce the notes from the conference call referenced in the Holt Declaration (Dkt. No. 219
7 ¶ 15) to Defendants by 5:00 p.m. Pacific June 26, 2012.  If Plaintiff has a good faith basis for
8 objecting to producing these notes, Plaintiff may file a statement outlining its objections with
9 the Court by 12:00 p.m. Pacific on June 26, 2012.  Defendants' request for an expedited
10 deposition of Ms. Holt is denied.
11     This Order disposes of Docket No. 230.

**IT IS SO ORDERED.**

Dated:  June 21, 2012

                                           _____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE