IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>MERCURY INTERACTIVE LLC, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-02822 WHA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

**INTRODUCTION**

Defendants Amnon Landan, Douglas Smith, and Susan Skaer seek relief from the magistrate judge's order denying sanctions for alleged spoliation of evidence. For the reasons stated below, defendants' motion for relief is **DENIED**.

**STATEMENT**

The instant motion arises from an investigation and ensuing lawsuit that was initiated by the Securities and Exchange Commission in 2004. In November 2004, the Commission began an informal investigation into Mercury Interactive LLC for potential violations of securities laws. Mercury retained Davis Polk & Wardwell LLP as its counsel for the investigation. In August 2005, the Commission ordered a formal investigation into Mercury and subpoenaed documents from Mercury. As a result of the investigation, the Commission filed a complaint against Mercury and individual defendants Landon, Smith, Skaer, and Sharlene Abrams in May 2007. A final settlement agreement was entered as to Mercury in July 2007. The settlement agreement required Mercury to retain all documents and to produce them to the Commission if necessary. The civil action was reassigned to the undersigned judge in September 2011.

Now before the Court is a motion by defendants Landan, Smith, and Skaer for sanctions for the Commission's alleged spoliation of evidence, which was referred to Magistrate Judge Jacqueline Corley. Defendants claim that the Commission deleted documents produced to the Commission by Mercury (through Davis Polk), which are now permanently lost. Defendants' first motion requested the sanction of dismissal. Following a hearing, the magistrate judge allowed additional discovery and supplemental briefing. In the second round of briefing, defendants also requested alternative remedies short of dismissal, including an adverse inference jury instruction.

Pursuant to the Commission's initial investigation of Mercury, large amounts of electronic data were produced by Mercury (through Davis Polk) to the Commission from 2005 to 2007. In a series of mishaps and misunderstandings, the Commission deleted the documents that Davis Polk had produced to it prior to April 2006 to remedy the law firm's erroneous production of privileged material. The Commission was then unable to re-produce those documents to the individual defendants in later litigation. Apparently, for reasons that are not entirely clear, neither Mercury nor Davis Polk retained a complete copy of the earlier productions. Although defendants originally claimed that the Commission's deletion of documents resulted in the loss of roughly five million pages of electronic data, all but 270,000 pages have now been located from Davis Polk and Hewlett-Packard (now Mercury's parent company) and produced to movants. The details are below.

**1.    Davis Polk's Production of Privileged or Non-responsive Materials.**

Davis Polk's first production to the Commission in 2005 included roughly five million pages of electronic documents, originally provided in "native" format only. The Commission requested that Davis Polk provide the production in "TIFF" format ("Tagged Image File Format"), which Davis Polk did over a period of several months. Davis Polk then discovered that the documents provided in the 2005 production (and again in the subsequent TIFF format productions) included privileged and non-relevant documents. In a letter dated February 7, 2006, Davis Polk proposed a procedure whereby Davis Polk would review the documents and identify privileged or non-responsive documents to the Commission, at which point the Commission

would presumably pick through the production and selectively remove each document (Dkt. No. 213-1 at 42-43). Davis Polk also requested the Commission delete the native file production, as it would be entirely replaced with the same documents in TIFF format (*ibid*.). On April 7, 2006, Davis Polk identified to the Commission a long list of Bates numbers reflecting documents it claimed were privileged.

Davis Polk repeatedly followed up to request that the Commission delete or return the documents identified in its April 2006 clawback list. The Commission responded that the Commission was reviewing the past productions to ensure that all prior native format productions had been replaced, and informed Davis Polk that the process was complicated by technical difficulties with some of the productions. Davis Polk responded in October 2006 suggesting that the Commission "return the 'native format' files and inadvertently produced .tiffs to us now subject to a commitment by us to resolve any issues the Staff may subsequently discover[.] We are obviously willing to get the Staff whatever non-privileged materials it needs if issues do, in fact, arise" (Dkt No. 244-1 at 2).

**2. The Commission's Deletion of Documents Produced to it Prior to April 2006.**

Davis Polk continued to provide document productions on a rolling basis through February 2007, some of which were found to have technical problems. Discussions between Davis Polk and the Commission or its staff regarding the documents to be clawed back were also rolled into communications regarding these other technical problems. In particular, Carrie Holt, the Commission's IT litigation support specialist, was primarily responsible for communicating with Davis Polk regarding their document productions. She understood that Davis Polk wanted the Commission to delete all the material produced prior to April 2006 and that Davis Polk would provide corrected productions without the clawback documents (Holt Decl. ¶¶ 3-4, Dkt. No. 219).

In March 2007, the Commission deleted from the Commission's electronic databases all documents produced to it by Davis Polk prior to April 7, 2006. The Commission deleted these documents with the understanding "that Mercury and/or Davis Polk would preserve any and all responsive materials" (Jest Decl. ¶ 10, Dkt. No. 220).

### 3. **Defendants' Claim of Missing Documents.**

On September 7, 2007, the Commission served its Rule 26(a) disclosures to individual defendants Landan, Smith, and Skaer. The initial disclosures listed specific Bates number ranges that would be provided to defendants, including a substantial number of documents received from Mercury. Discovery progressed. Defendants claimed that over five million pages of non-privileged, responsive documents that Davis Polk had produced to the Commission were missing from the Commission's production to defendants. This was a vast overstatement. Defendants have identified the documents by gaps in Bates numbering, as the documents are labeled with Bates numbers that use prefixes specific to each custodian. Defendants have thus been able to isolate the number of missing pages for each custodian on the Commission's original list of potential trial witnesses. As described above, defendants were able to obtain all but approximately 270,000 pages, either from Davis Polk or Hewlett-Packard. Defendants claim that these 270,000 pages are permanently missing. As the magistrate judge noted, "they have not, however, identified any specific missing range of documents" other than by Bates number. For example, they have not shown that there are gaps in a custodian's emails from certain time periods, or that documents of a particular type are missing.

## ANALYSIS

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Findings of fact in the magistrate judge's order are reviewed for "clear error." *Ibid.* A district court reviewing the magistrate judge's order "may not simply substitute its judgment for that of the deciding court." *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir.1988). Under the "contrary to law" standard, a court reviews issues of law de novo. *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir.2002).

### 1. DISMISSAL SANCTION.

Sanctions may be imposed for spoliation, which is "the destruction or significant alteration of evidence . . . in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 582 F.3d 896, 900 (9th Cir. 2009). Dismissal is a permissible sanction when "a party has engaged

4

1  deliberately in deceptive practices that undermine the integrity of judicial proceedings because
2  courts have inherent power to dismiss an action when a party has willfully deceived the court and
3  engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon v. IDX*
4  *Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

Defendants argue that the magistrate judge committed legal error by requiring "bad faith" to impose a sanction of dismissal. Defendants assert that the standard set by our court of appeals is that "dismissal requires only 'fault,' *i.e.* gross negligence," but cite no decision on point from the court of appeals. On the record in this case, the magistrate judge found that dismissal was not warranted, particularly because the Commission believed that Davis Polk would or already had reproduced the documents to the Commission, and that Davis Polk and Mercury had copies of everything the Commission had deleted. Under the proper standard of the United States Court of Appeals for the Ninth Circuit governing the sanction of dismissal for loss of evidence, the conduct of the Commission staff was not so egregious as to warrant dismissal. *See Leon*, 464 F.3d at 958.

### 2. ADVERSE INFERENCE SANCTION.

#### A. The Commission's Level of Culpability.

The magistrate judge's finding that the Commission did not act in bad faith was not clear error. Davis Polk believed that it had requested that the Commission delete the specific privileged or non-responsive documents Davis Polk identified to them. Misunderstanding the request, the Commission deleted all the documents Davis Polk had produced to it prior to April 2006. The magistrate judge found that Davis Polk never corrected the Commission or its staff's misunderstanding regarding how to handle Davis Polk's clawback requests. The Commission's confusion was "not unreasonable," given that the document productions Davis Polk provided to the Commission were "complicated and problematic, a process that involved production, claw-back, and reproduction of some 13 million pages of documents, with many of the reproductions and further production riddled with errors" (Order at 12). Also important, the Commission had every reason to believe that there were other copies of the production. Mercury had a clear obligation to retain discovery materials. Davis Polk, as counsel for Mercury, should also have

5

1 retained a copy of everything it had produced, and indeed did assure the Commission that it
2 would provide the Commission with any documents that may have been lost through the jumbled
3 production and clawback process.

4 The magistrate judge appears to have found the Commission acted reasonably in deleting
5 the pre-April 2006 production set of documents. After deleting the files, however, the
6 Commission did not ensure that the later productions from Davis Polk provided a complete set of
7 documents. "While the record is replete with emails demonstrating some efforts by the SEC to
8 confirm that Davis Polk had reproduced what the SEC believe it was supposed to receive, the
9 bottom line is that the SEC did not know what was in its investigative files" (*Id.* at 13).

### B. Determination that adverse inference sanction not warranted.

11 Noting that our court of appeals has not established a clear test for determining when an
12 adverse inference instruction to the jury may be an appropriate sanction, the magistrate judge
13 applied the test set forth in *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003).
14 The test is widely used and requires that the party seeking an adverse inference instruction based
15 on the spoliation of evidence must establish: "(1) that the party having control over the evidence
16 had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed
17 with a 'culpable state of mind'[;] and (3) that the destroyed evidence was 'relevant' to the party's
18 claim or defense such that a reasonable trier of fact could find that it would support that claim or
19 defense." *Ibid.* Where the "culpable state of mind" is bad faith, "that fact alone is sufficient to
20 demonstrate relevance. By contrast, when the destruction is negligent, relevance must be proven
21 by the party seeking the sanctions." *Ibid*. Defendants do not argue that the application of the
22 Second Circuit's test constituted legal error. Defendants contend, however, that the magistrate
23 judge erred by interpreting "culpable state of mind" to require a showing of bad faith.

24 *First,* as stated above, the magistrate judge did not commit clear error in determining there
25 was no bad faith on the part of the Commission. *Second*, the magistrate judge did not make an
26 explicit finding regarding whether the Commission was negligent, but instead assumed for the
27 sake of argument that the Commission had been negligent. Even so assuming, however, the
28 magistrate judge found that defendants failed to meet their burden of showing relevance. The

6

magistrate judge emphasized that all the record shows is that a comparison of spreadsheets suggests that documents with certain Bates numbers are missing. These spreadsheets are themselves not necessarily to be taken at face value, as they are based on an "error-riddled document production." Defendants provided no evidence regarding what time frame the missing documents covered. The magistrate judge further found that defendants failed to identify any particular gaps based on their review of the other documents they had received from the Commission or other parties (Order at 18). Where the challenged conduct is at most negligent, rather than "bad faith," it is the party seeking sanctions who bears the burden of showing relevance. In this case, defendants presented arguments as to why the particular custodians may have relevant documents in general. They did not, however, make any showing regarding the time frame, type of document, or other information sufficient to demonstrate the relevance of the missing documents. Based on the lack of information tied to the missing documents, coupled with the fact that the documents were identified as missing only by their presence or absence on questionably reliable production spreadsheets, the magistrate judge found that defendants had not met their burden of showing the missing documents were relevant. This finding was not clearly erroneous.

Defendants contend that relevance should be presumed where the spoliating party acted in bad faith or in a "grossly negligent manner." As discussed above, however, the magistrate judge clearly did not find "bad faith" or "gross negligence" on the part of the Commission. Applying the test from *Zubulake*, the magistrate judge did not commit clear error in requiring defendants to demonstrate relevance where the spoliating party's conduct was at most negligent.

### C. The magistrate judge's findings of fact.

Defendants argue that the magistrate judge erred on a number of facts that would establish the Commission was at least negligent. Defendants do not, however, contend that the alleged factual errors are sufficient to establish bad faith on the part of the Commission. Even were the Commission negligent, the result remains given the failure of proof as to relevance.

For example, defendants claim that the magistrate judge erred in finding that the Commission conducted a diligent review of the document production prior to deleting the pre-

7

1 April 2006 documents in March 2007. The magistrate judge's order, however, referred to the
2 Commission's review of the document production prior to returning physical and tangible
3 materials to Davis Polk, *not* the deletion of documents from the Commission's database.
4 Presumably these physical materials contained yet another copy of the pre-April 2006
5 productions. The fact that the Commission deleted documents prior to conducting this review
6 does not establish bad faith, where the Commission believed that Davis Polk still retained copies
7 of all documents produced. Similarly, defendants argue that the magistrate judge erred in finding
8 that the Commission had returned materials to Davis Polk where "there was no corroborative
9 evidence" from the Commission or Davis Polk. The order cited to evidence in the record to
10 support this finding, including a declaration of Joseph Jest, who was senior counsel at the
11 Commission and involved in the investigation, a declaration of Carrie Holt, Commission's IT
12 litigation support specialist, and the statements made by counsel at the hearing, which defendants
13 did not contest (Jest Decl. ¶9, Dkt. No. 220; Holt Decl. ¶ 10, Dkt. No. 219; Hearing Tr. at 5-6,
14 Dkt. No. 227). The magistrate judge did not commit clear error in crediting this evidence.

15 With regard to defendants' contention that the magistrate judge erred by crediting Ms.
16 Holt's declaration with statements not in the declaration and crediting Ms. Holt with memories
17 she did not have, those issues were adequately addressed in the order (Order at 4 and fn. 6).
18 Similarly, the magistrate judge adequately considered the Commission's internal manual setting
19 forth procedures for handling documents in determinating the Commission's level of culpability.
20 The magistrate judge did not commit clear error in findings of fact, and defendants have failed to
21 show that any alleged errors would require a different outcome.

22     \*    \*    \*    \*    \*

23 Defendants argue that they are innocent and should not bear the burden of the lost
24 documents. If it becomes relevant at trial, the Court may possibly allow defendants to inform the
25 jury that the Commission managed to delete some 270,000 pages that Mercury had produced to
26 the Commission. If, in fact, the documents are relevant in some way, the defendants will receive
27 some benefit from this.

**CONCLUSION**

For the foregoing reasons, defendants' motion for relief from the magistrate judge's order is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 25, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE