DAVID WILLIAMS (Cal. Bar No. 183854)
STEPHAN J. SCHLEGELMILCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549-5977
Telephone: (202) 551-4548
Facsimile: (202) 772-9246
e-mail: williamsdav@sec.gov
schlegelmilchs@sec.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MERCURY INTERACTIVE, et al.,<br><br>Defendants. | Case No. 07-cv-02822 WHA/JSC<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT SUSAN SKAER'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   February 7, 2013<br>Judge: Honorable William Alsup |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF ISSUE TO BE DECIDED .................................................................... iii

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

I.     Equitable Tolling Suspends the Statute of Limitations.............................................. 2

CONCLUSION ...................................................................................................................... 5

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Dayco v. Goodyear Tire & Rubber*, 523 F.2d 389 (6th Cir. 1975) ...................................... 2

*E.I. DuPont De Nemours & Co. v. Davis*, 264 U.S. 456 (1924) ......................................... 2

*FEC v. Williams*, 104 F.3d 237 (9th Cir. 1996) .............................................................. 1, 2

*Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) ............................................................ 2

*In re United Management*, 14 F.3d 1380 (9th Cir. 1994) .................................................... 2

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991) ................ 4

*Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009) ............................. 4

*Norton-Children's Hospitals v. Smith & Sons*, 658 F.2d 440 (6th Cir. 1981) .................... 3

*SEC v. Berry*, 580 F. Supp. 2d 911 (N.D. Cal. 2008) ......................................................... 1

*SEC v. Berry*, No. 07-4431, 2008 WL 4065865 (N.D. Cal. Aug. 27, 2008) ...................... 5

*SEC v. Cochran*, No. 95-1477, 1999 WL 33292713 (W.D. Okla Jan. 28, 1999) ............... 3

*SEC v. Fraser*, No. 09-443, 2010 WL 5776401 (D. Ariz. Jan. 28, 2010) .......................... 5

*SEC v. Microtune*, 783 F. Supp. 2d 867 (N.D. Tex. 2011) ................................................. 3

*SEC v. Rind*, 991 F.2d 1486 (9th Cir. 1993) ....................................................................... 1

*Socop-Gonzalez v. I.N.S*, 272 F.3d 1176 (9th Cir. 2001) ................................................ 4, 5

*U.S. ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211 (9th Cir. 1996) ................................... 4

*Weinberger v. Retail Credit*, 498 F.2d 552 (4th Cir. 1974) ................................................ 3

## FEDERAL STATUTES

28 U.S.C. § 2462 ................................................................................................................ 1, 5

## STATEMENT OF ISSUES TO BE DECIDED

(Local Rule 7-4(a)(3))

1. Whether the Securities and Exchange Commission's (the "Commission's") claims are barred by the applicable statute of limitations?

# **INTRODUCTION**

Defendant Susan Skaer ("Skaer") contends in her motion for summary judgment that several of the Commission's equitable claims, including its prayer for injunctive relief, are barred by the statute of limitations in 28 U.S.C. § 2462.  As noted in the Commission's Opposition, the Commission's equitable claims are not subject to any period of limitations, and the limitations period impacts only the Commission's prayer for a civil monetary penalty.  *E.g.*, *SEC v. Rind*, 991 F.2d 1486, 1490 (9th Cir. 1993) (no statute of limitations for SEC's claims for disgorgement or injunctive relief); *SEC v. Berry*, 580 F.Supp.2d 911, 919 (N.D. Cal. 2008) (rejecting claim that SEC's remedies of injunctive relief and officer-director bar were punitive and subject to § 2462).

Even with respect to civil penalties, the limitations period is subject to equitable tolling due to fraudulent concealment.  "If the SEC can demonstrate that (1) [Defendant's] conduct resulted in concealment of the operative facts; (2) the SEC failed to discover the operative facts within the limitations period; and (3) the SEC acted with due diligence before it discovered [Defendant's] alleged backdating, the section 2462 statute of repose may be tolled."  *Berry*, 580 F. Supp. 2d at 919.

At the hearing on the motion, the Court directed the parties to brief the applicability of equitable tolling in light of the language from the Ninth Circuit's decision in *FEC v. Williams*, 104 F.3d 237 (9th Cir. 1996), which provides that in order to establish equitable tolling for fraudulent concealment, a plaintiff must establish "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts."  *Id*. at 240-41.  In particular, the Court raised the question of the applicability of the doctrine given that the Commission can be reasonably viewed to have "discovered" the operative facts by at least mid to late-2005, which was "within the limitations

period" with respect to backdating conduct that culminated in mid-2002.

## ARGUMENT

**I.      Equitable Tolling Suspends the Statute of Limitations.**

In *Williams*, the Ninth Circuit explained that the doctrine of equitable tolling arrests the running of the statute of limitations. The equitable doctrine is "read into every federal statute of limitation," and provides that where a plaintiff is unaware of fraud "without any fault or want of diligence or care on his part, the bar of the statute *does not begin to run* until the fraud is discovered." *Id*. at 240, *quoting Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) (emphasis added). Such an interpretation is particularly apt here in an SEC enforcement action. *E.I. DuPont De Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924) ("Statutes of limitation sought to be applied to bar rights of the government, must receive a strict construction in favor of the government.").

The fact that the Commission "discovered" the conduct within the limitations period does not alter the applicability of the doctrine. The language from *Williams* regarding a plaintiff's failure to discover operative facts "within the limitations period" appears to be derived from the Sixth Circuit's decision in *Dayco v. Goodyear Tire & Rubber*, 523 F.2d 389, 394 (6th Cir. 1975). *See Williams*, 104 F.3d at 241 (citing *Dayco*). In *Dayco*, the Sixth Circuit similarly stated that equitable tolling for fraudulent concealment required a showing of, among other things, "failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period." *Dayco*, 523 F.2d at 394. But this imprecise language, in a case – like *Williams* – *not* dealing with a plaintiff who discovered fraud within the limitations period and timely filed thereafter,[1] was *not* intended to foreclose the tolling effect of fraudulent concealment where discovery of the fraud does occur within the period. The elements of fraudulent

---

[1]     In *Williams*, the FEC received a complaint on September 12, 1988, but did not file suit until October 19, 1993. 104 F.3d at 239.

concealment articulated by the Sixth Circuit in *Dayco* were in turn derived from the Fourth Circuit's decision in *Weinberger v. Retail Credit*, 498 F.2d 552 (4th Cir. 1974), which contains no such limitation, describing the discovery element of fraudulent concealment as simply "the other party's failure to discover the facts which are the basis of his cause of action." *Id*. at 555.

Indeed, the Sixth Circuit subsequently *reversed* a grant of summary judgment against a plaintiff who discovered fraud within the limitations period, expressly rejecting a lower court's "faulty interpretation" of *Dayco* and holding that fraudulent concealment *did* apply to claims of a plaintiff who discovered fraud inside the limitations period. *Norton-Children's Hospitals v. Smith & Sons*, 658 F.2d 440, 444 (6th Cir. 1981). The court clarified that the applicable language does *not* "require the conclusion that if the plaintiff discovers or should discover his claim within the original period he must file within the original period." *Id*. "[S]uch a rule literally applied would lead to an untenable result such as the situation in which the plaintiff discovers or should discover his cause of action just before the period of limitations expires." *Id*.

While concededly a number of courts have adopted interpretations of similar language which foreclose the application of equitable tolling to plaintiffs who discover fraud within the limitations period,[2] none offer any reasoned explanation as to why a plaintiff who *more quickly* finds the fraud – within the limitations period – should be less entitled to equitable tolling of the statute of limitations than a plaintiff who takes *even longer* to uncover the conduct. And the Ninth Circuit gave no suggestion that it was attempting to draw such a distinction in *Williams*, as it noted even before that decision that:

> "[e]quitable tolling, as the name suggests, is an equitable doctrine grounded in the venerable notion that it would be unfair to bar a fraud action as

---

[2] *See SEC v. Microtune*, 783 F.Supp.2d 867, 881 (N.D. Tex. 2011); *but cf. SEC v. Cochran*, No. 95-1477, 1999 WL 33292713, at *4-5 (W.D. Okla Jan. 28, 1999), *rev'd on other grounds*, 214 F.3d 1261 (10th Cir. 2000) (noting that "in none of the cases . . . is the apparent requirement that the statute of limitations have run before discovery essential to the holding" and rejecting the proposition that fraudulent concealment applies only where discovery occurs after expiration of original limitations period.).

---

PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO
SKEAR'S MOTION FOR SUMMARY JUDGMENT

- 3 -

*SEC v. Mercury Interactive, et al.*, Case No. 07-2822 WHA/JSC

> untimely where the defendant successfully concealed the fraud from the plaintiff during the limitations period. Fraud by its very nature is concealed and difficult to discover. The most successful fraud may be the one least likely discovered within the limitations period. Courts have barred such inequitable reliance on statutes of limitations, applying the maxim 'no man may take advantage of his own wrong.' *Under equitable tolling, courts toll the running of the statute of limitations until the plaintiff knew or reasonably should have known of the facts underlying his cause of action.*"

*U.S. ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1216 (9th Cir. 1996) (emphasis added).

And even before *Hyatt*, the Ninth Circuit plainly held that whenever "a party remains in ignorance of a wrong without any fault or want of diligence on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party." *In re United Management*, 14 F.3d 1380, 1384-85 (9th Cir. 1994), *quoting Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991).

And subsequent to *Williams*, the Ninth Circuit, sitting *en banc*, expressly *rejected* the notion that a plaintiff who discovers his claim "within the limitations period" is not entitled to equitable tolling. *Socop-Gonzalez v. I.N.S*, 272 F.3d 1176, 1194-95 (9th Cir. 2001). In *Socop-Gonzalez*, the court dismissed the proposition that equitable tolling was inapplicable "in situations where a plaintiff discovers the existence of a claim before the end of a limitations period and the court believes that the plaintiff reasonably could have been expected to bring a claim within the remainder of the limitations period." *Id*. Such an approach would be "needlessly difficult to administer, runs counter to Supreme Court precedent, and undermines the policy objectives of the statutes of limitations." *Id*. Instead, the *Socop-Gonzalez* court "reject[ed] [that] approach to tolling" and explained that courts "need not inquire whether [plaintiff] reasonably could have [brought its action] within the . . . remaining limitations period" after discovery of the fraud. *Id*. at 1196. Instead, courts need only consider whether a plaintiff "filed within the limitations period after tolling is taken into account." *Id*.

Relying upon these precedents, another district court in this circuit has expressly rejected the notion that equitable tolling for fraudulent concealment does not apply to the limitations period found in 28 U.S.C. § 2462 where the Commission discovered fraudulent conduct *within* the limitations period. In *SEC v. Fraser*, No. 09-443, 2010 WL 5776401 (D. Ariz. Jan. 28, 2010), the court expressly rejected the notion that equitable tolling was precluded by disclosure of a press release that put the SEC on notice of the fraud during the limitations period – "this argument misapprehends the purpose of equitable tolling. The purpose of equitable tolling is to toll the running of the statute during the period of concealment." *Id*. at *10, *citing Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941, n. 19 (9th Cir. 2009) and *Socop-Gonzales*, 272 F.3d at 1194-95. Accordingly, irrespective of whether the SEC had notice of the conduct during the limitations period, "*the statute of limitations period begins to run when tolling ends*." *Fraser*, 2010 WL 5776401 at *10 (emphasis added).

As supported by the evidence set forth in detail in the Commission's opposition to Skaer's motion, prior to the Commission's discovery of the conduct, the fraud was concealed. *See SEC v. Berry*, No. 07-4431, 2008 WL 4065865, at (N.D. Cal. Aug. 27, 2008) (defendant's active concealment of fraudulent backdating conduct established by, among other things, fabrication of meeting minutes). The opposition similarly sets forth evidence of the Commission's diligence prior to discovering the fraud. This evidence is not controverted. Accordingly, equitable tolling for fraudulent concealment tolled the running of the limitations provided by 28 U.S.C. § 2462. The tolling period could not have ended sooner than the January 2004 initiation of the SEC's investigation – several months *before* Mercury was even contacted in November 2004 as a part of the SEC's larger investigation involving numerous other companies. Accordingly, the limitations period for all of the fraudulent conduct in this case should be equitably tolled until at least then, such that the period of limitations "begins to run" no sooner than 2004. As this case was filed on

PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO
SKEAR'S MOTION FOR SUMMARY JUDGMENT - 5 -

*SEC v. Mercury Interactive, et al.*, Case No. 07-2822 WHA/JSC

May 31, 2007, *all* of the fraudulent conduct in this case is comfortably within the limitations period.[3]

## CONCLUSION

Skaer's motion for summary judgment is without merit and should be denied.

DATED: February 8, 2013 Respectfully submitted,

*s/ Stephan J. Schlegelmilch*
David Williams
Stephan J. Schlegelmilch
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20901-4010
Telephone: (202) 551-4548 (Williams)
Fax: (202) 972-9246 (Williams)

---

[3] Moreover, as explained at the hearing, because the Commission asserts fraud both in the issuance of the options as well as through false and misleading public misrepresentations, Mercury's filings concealing the expense associated with the options, filed within the limitations period, warrant the imposition of civil penalties. *See, e,g, In re Comverse Technology Sec. Lit.*, 543 F.Supp.2d 134, 155 (E.D.N.Y. 2008) (for "claims based on misleading disclosures about options backdating or other accounting practices, the 5-year period . . . begins to run on the date of such disclosures, not on the date of grant of the backdated options. However, to the extent [plaintiff's] claims are based directly on a backdated grant of options, the 5-year period begins to run on the date the options were granted.") And Skaer's exercises of options well *after* May 2002 were new "investment decisions" resulting in *subsequent* securities transactions – at prices procured by fraud, amounting to additional "purchases or sales" of securities for limitations purposes. *See Getty v. Harmon*, 53 F.Supp.2d 1053, 1055-1056 (W.D. Wa. 1999) (*citing Goodman v. Epstein*, 582 F.2d 388, 414 (7th Cir. 1978)).

PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO
SKEAR'S MOTION FOR SUMMARY JUDGMENT     - 6 -

*SEC v. Mercury Interactive, et al.*, Case No. 07-2822 WHA/JSC

## CERTIFICATE OF SERVICE

I hereby certify that on FEBRUARY 8, 2013, I electronically filed the foregoing PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT SKAER'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system.

          *s/ Stephan J. Schlegelmilch*
          One of Plaintiff's Attorneys

PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO SKAER'S MOTION FOR SUMMARY JUDGMENT - 7 -

*SEC v. Mercury Interactive, et al.*, Case No. 07-2822 WHA/JSC