MICHAEL D. TORPEY (STATE BAR NO. 079424)
Email: mtorpey@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
Email: jkramer@orrick.com
JAMES A. MEYERS (ADMITTED PRO HAC VICE)
Email: jmeyers@orrick.com
JUSTIN P. BAGDADY (ADMITTED PRO HAC VICE)
Email: jbagdady@orrick.com
MATTHEW A. TOLVE (STATE BAR NO. 267334)
Email: mtolve@orrick.com
ALEXIS YEE-GARCIA (STATE BAR NO. 277204)
Email: aygarcia@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

Columbia Center
1152 15th Street, N.W.
Washington, D.C.
20005-1706
Telephone: +1-202-339-8400
Facsimile:  +1-202-339-8500

Attorneys for Defendant
SUSAN SKAER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MERCURY INTERACTIVE, LLC, et al.,<br><br>Defendants. | Case No. C-07-cv-02822 WHA<br><br>**DEFENDANT SUSAN SKAER'S SUPPLEMENTAL BRIEF AT COURT'S REQUEST REGARDING 28 U.S.C. § 2462 IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Trial Date: March 11, 2013<br>Time: 8:00 a.m.<br>Dept: 8<br>Judge: Hon. William H. Alsup |

I.      **INTRODUCTION**

The SEC cannot overcome the cold reality that its claims for penalties are barred under *FEC v. Williams*, 104 F.3d 237 (9th Cir. 1996), and other controlling, well-established law applying 28 U.S.C. § 2462.  Under *Williams*, "[t]o establish that equitable tolling applies, [the SEC] must prove the following elements:  fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." *Id*. at 240-41.  As this Court pointed out, there can be no dispute that the SEC discovered the operative facts forming the basis of its case well within the limitations period.  The SEC admits that, as early as January 2004, it had begun "the investigation that led to this litigation."  Opp. to Skaer MSJ at 23:18-19 (Dkt. 287) ("Opp.").  By no later than November 2005, it had actual notice of all the operative facts (and then some) that form the basis of the violations it alleges, in the form of a report from Mercury's Special Committee.  But, rather than exercise due diligence, the SEC waited ***19 months*** to file a complaint.  The SEC has never provided an explanation for its failure to act, much less significant probative evidence supporting any such explanation sufficient to avoid summary judgment.

Simply put, the SEC blew through the stop sign that is § 2462.  Now, having been pulled over and with no justification for its actions, it attempts to move the intersection down the road, arguing its claims first accrued later in time.  But these and other last-ditch efforts fail because, regardless of whether the violation accrued with the alleged backdating or with alleged misreporting, both fell outside the statute of repose.  The SEC's claims for penalties—civil fines, injunctive relief, and officer-and-director ("O&D") bars—must be dismissed.

II.     **THE SEC'S PENALTY CLAIMS ARE BARRED BY 28 U.S.C. § 2462**

Section 2462 states that "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, *pecuniary or otherwise*, shall not be entertained unless commenced within five years from the date *when the claim first accrued*."[1]  (Emphasis added).  In *Williams*,

---

[1] In *Williams*, 104 F.3d at 240, the Ninth Circuit held that the term "enforcement" includes actions to assess a penalty in the first instance, as well as actions to enforce a penalty that has already been assessed.

1  the Court of Appeals held that § 2462 applies to actions for injunctive as well as monetary
2  sanctions, explaining that "because the claim for injunctive relief is connected to the claim for
3  legal relief, the statute of limitations applies to both." *Id.* Consistent with this principle,
4  numerous courts, including one appellate court in an alleged backdating action, have held on
5  summary judgment that § 2462 applies to SEC requests for injunctions and officer-and-director
6  ("O&D") bars. *E.g.*, *SEC v. Bartek*, 484 F. App'x 949, 956-57 (5th Cir. 2012) (rejecting SEC's
7  position that "§ 2462 is limited to a sanction that involves the collecting of money or property"
8  and holding that injunction and O&D bar are "punitive, and are thus subject to § 2462's time
9  limitations" given that they "would have a stigmatizing effect and long-lasting repercussions");
10 *see generally* Skaer MSJ at 23:21-22 & n.19 (Dkt. 270).[2]

11  In this case, Judge Fogel has previously held that § 2462 "bars claims arising out of
12 conduct occurring before May 31, 2002," then noted that "[t]he last alleged backdated options
13 grant occurred in April 2002." 9/30/08 Order at 5 (Dkt. 86). Quoting *Williams*, Judge Fogel
14 added that § 2462 may be subject to equitable tolling if the SEC could demonstrate that it had met
15 the three elements of the equitable tolling test. *Id.* at 7. It has not.

16  **A.   The SEC Cannot Establish That Equitable Tolling Applies**

17  To establish its entitlement to equitable tolling, the SEC was required to produce
18 significant probative evidence on all three prongs of the *Williams* test. *See Williams*, 104 F.3d at
19 241; *SEC v. Microtune, Inc.*, 783 F. Supp. 2d 867, 882 (N.D. Tex. 2011), *aff'd sub nom. SEC v.*
20 *Bartek*, 484 F. App'x 949 (5th Cir. 2012). As to the second prong, the SEC admits that it began
21 its "investigation that led to this litigation" (i.e., it had inquiry notice)[3] in January 2004, three
22 years before the expiration of the 5-year period (Opp. at 23:18-19), and the incontrovertible
23 record is that the SEC had all facts necessary to bring its case in early November 2005, when it

---

[2] *SEC v. Rind*, 991 F.2d 1486, 1490 (9th Cir. 1993), is not to the contrary. That case did not address § 2462 at all, instead dealing only with whether the Exchange Act contained a statute of limitations. The issue in this case is § 2462.

[3] A plaintiff "discovers … the basis for its cause of action" if it has "inquiry notice of the alleged wrongdoing before the statute of limitations period had run." *See Microtune*, 783 F. Supp. 2d at 881. Inquiry notice begins upon discovery of facts that would have "led a reasonable investor to investigate the possibility of fraud." *Berry v. Valence*, 175 F.3d 699, 704 (9th Cir. 1999).

1  received the Special Committee Report.[4] *See* Williams Decl. Ex. 2 (Dkt. 270). The SEC cannot
2  plausibly now claim that the very report on which it relies so heavily to prove its case failed to
3  provide it with the operative facts "within the limitations period." The SEC offers no evidence
4  justifying its decision to wait another 19 months to file its complaint, because there is none.
5  Thus, as the court held in *Microtune*: "The SEC clearly discovered the operative facts that are a
6  basis of its claim within the limitations period, and the lack of a fact issue on this element
7  constitutes additional grounds precluding tolling under the fraudulent concealment doctrine."
8  *Microtune*, 783 F. Supp. 2d at 882. As a result, the SEC has clearly flunked the second prong of
9  the *Williams* test.

10  To avoid this result, the SEC yesterday appeared to suggest that equitable tolling gives it a
11  full five years from the time it received inquiry notice. To be sure, *Williams*, 104 F.3d at 240,
12  states that "equitable tolling provides that 'where a plaintiff has been injured by fraud and
13  remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the
14  statute does not begin to run until the fraud is discovered....'" *Holmberg v. Armbrecht*, 327 U.S.
15  392, 397 (1946). But, as *Williams* went on to say, in the passage quoted by the Court yesterday,
16  equitable tolling does not apply in the first instance unless the plaintiff has met all three criteria,
17  including failure to discover the violation within the limitations period and due diligence upon
18  discovering the issue.[5] Thus, the SEC's position finds no support in the case law and cannot be
19  reconciled with the due diligence prong of the *Williams* test. Numerous courts have expressly
20  rejected the SEC's tortured reading of *Williams*. *See Microtune*, 783 F. Supp. 2d at 879
21  ("Contrary to the SEC's contention, the Court finds that equity would not be served by allowing
22  the SEC to wait a full five years to file its case after being apprised of Microtune's [backdating],
23  if the SEC did not act diligently during this five-year period."); *Roberts v. Barreras*, 484 F.3d

---

[4] Contrary to the SEC's intimation yesterday and in its Opposition to Ms. Skaer's motion, "operative" facts are not all the facts that ultimately may make it into the complaint. They include only the facts that are "material" to the claim. *See Hamilton Cty. Bd. of Comm'rs v. NFL*, 491 F.3d 310, 316-17 (6th Cir. 2007).

[5] In *SEC v. Fraser*, 2010 WL 5776401, *11 (D. Ariz. Jan. 28, 2010), the court allowed the SEC's assertions of due diligence to proceed past the pleading stage. This case is at the summary judgment stage, where the SEC must provide, but has not provided, significant probative evidence of its due diligence.

1236, 1242 (10th Cir. 2007) ("If a plaintiff discovers the injury within the time limit, fraudulent concealment does not apply because the defendant's actions have not prevented the plaintiff from filing the claim within the time period and the equitable remedy is not necessary."); *Callahan v. United States*, 426 F.3d 444, 454 (1st Cir. 2005) (same); *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002) (same). This perversion of the *Williams* test would impermissibly graft a discovery rule onto the doctrine of equitable tolling, the very test that *Williams* rejected.[6]

### B. The SEC's Attempt to Shift the Time of Violation Is Unavailing

With no evidence to survive summary judgment on equitable tolling, the SEC yesterday sought to come up with all manner of later dates on which it now asserts § 2462's five-year period began to run. This attempt fails. Judge Fogel has already ruled that § 2462 bars all claims "arising out of conduct occurring before" May 31, 2002. 9/30/08 Order at 5. All of the SEC's claims arise out of conduct occurring before May 31, 2002 because, as Judge Fogel noted, "[t]he last alleged backdated options grant occurred in April 2002." *Id.*; *see also* Second Amended Complaint ¶ 44 (last allegedly backdated grant had a "claimed" March 20, 2002 and an "actual" April 1, 2002 grant date). The SEC has cited no new fact or law since the time of that ruling to justify departure from that law of the case. To the contrary, numerous courts, most of them within this District, have held that "[w]here the alleged wrong is options backdating, the violation occurs at the time the backdated option grant is made." *In re Finisar Corp. Deriv. Litig.*, 2012 WL 2873844, at *8 (N.D. Cal. July 12, 2012).[7] The SEC's requests for a civil monetary penalty,

---

[6] The SEC's invocation – for the first time in this long-pending action – of the specter of the discovery rule (i.e., that the five year period did not begin to run until it first discovered its claims) is as meritless as it is untimely. *Williams* expressly rejects the discovery rule. 104 F.3d at 240 (quoting *3M Co.*, 17 F.3d 1453, 1462-63, for the facts that the discovery rule is "unworkable; outside the language of the statute; inconsistent with judicial interpretations of § 2462; … and incompatible with the functions served by a statute of limitations in penalty cases"). *Accord*, *Bartek*, 484 F. App'x at 953 (alleged backdating case; "A plain reading of § 2462 reveals no discovery rule exception."). The Ninth Circuit's opinion in *Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001) is inapposite. *Socop-Gonzales* did not involve an interpretation of § 2462; does not apply the three-part test from *Williams*; incorporates the "discovery rule" that *Williams* explicitly rejects for § 2462; and, importantly, addresses a 90-day immigration statute of limitations, not a five-year statute of limitations like § 2462.

[7] *See also In re Silicon Storage Tech., Inc. S'holder Deriv. Litig.*, 2009 WL 1974535, at *4 (N.D. Cal. July 7, 2009) (where complaint was "filed on July 13, 2006 … claims with respect to any options that allegedly were backdated before July 13, 2001 [were] time-barred"); *In re Marvell Tech. Grp. Ltd. Secs. Litig.*, 2008 WL 4544439, at *11 (N.D. Cal. Sept. 29, 2008) ("a claim under

1  injunctive relief, and an O&D bar, which are undeniably "based upon backdating" that occurred
2  before May 31, 2002, are thus time-barred.

3  At oral argument, the Court noted Ninth Circuit case law establishing that backdating by
4  itself is not illegal and does not become illegal absent financial misreporting, and questioned
5  whether that principle has an effect on application of § 2462 in this case. Of course, that case law
6  makes clear that the SEC's case really is a Rule 10b-5(b) "misstatements and omissions" case,
7  thus dooming its scheme liability claims at the threshold. *WPP Luxembourg Gamma Three Sarl*
8  *v. Spot Runner, Inc.*, 655 F.3d 1039, 1057-58 (9th Cir. 2011) (scheme liability may not be
9  premised on alleged misrepresentations or omissions). But, to the extent the SEC continues to
10 argue, as it did yesterday, that the alleged backdating here violated the securities laws in and of
11 itself, then § 2462 forecloses any civil money penalty, injunction or disgorgement without regard
12 to the alleged financial misreporting.[8]

13 Even were the Court to focus on the alleged misreporting rather than the "backdating"
14 itself, the SEC's requests for relief would still be untimely. The last allegedly backdated grant
15 was incorporated into Mercury's Form 10-Q that was filed with the SEC on May 14, 2002 and so
16 also constituted "conduct occurring before May 31, 2002." 9/30/08 Order at 5. Where a later-
17 filed financial statement "merely constitute[s] 'the issuance of a further financial statement that
18 failed to correct the prior false statement' made in time-barred filings … such claims [are] time-
19 barred." *In re Affiliated Computer Servs.*, 540 F. Supp. 2d at 701; *see also In re Atmel Corp.*
20 *Deriv. Litig.*, 2007 WL 2070299, at *7 (N.D. Cal. July 16, 2007) ("[p]laintiffs may not avoid the

---

§ 10(b) that is based upon backdating accrues on the date the option grant was made"); *In re Ditech Networks, Inc. Deriv. Litig.*, 2007 WL 2070300, at *7 (N.D. Cal. July 16, 2007) (where the "primary focus of the claim appears to be on the backdating of options," the "violation" occurs on the "purported date of a backdated option"); *In re Affiliated Computer Servs. Deriv. Litig.*, 540 F. Supp. 2d 695, 701 (N.D. Tex. 2007) (a "claim under §10(b) that is based upon the backdating itself accrues on the date the option grant was made").

[8] Throughout this matter, including yesterday, the SEC has cited only one case, *Kaplan v. Newman*, 1971 WL 283 (E.D.N.Y. July 2, 1971), for its assertion that backdating is inherently illegal. That unreported, out-of-Circuit decision, which has not been cited by a court even once in its 42-year history, does not support the SEC's assertion. First, it did not involve backdating. Second, it was decided on a motion to dismiss, and did not purport to hold that granting options in violation of a stock option plan inherently constitutes fraud. Third, the decision was effectively overruled by *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462 (1977), which held that breaches of fiduciary duty by themselves do not constitute securities violations.

- 5 -  SKAER'S SUPPLEMENTAL BRIEF ISO MSJ
NO. C-07-cv-02822 WHA

effect of the statute of limitations by combining allegations of recent financial statements and time-barred option back-dating"); *SEC v. Microtune*, 783 F. Supp. 2d at 874 n.7 (barring claims in options backdating case under § 2462 and rejecting SEC's argument that "the continuing violations doctrine" applies), *aff'd*, *SEC v. Bartek*, 484 F. App'x 949 (5th Cir. Aug. 7, 2012).[9]

Finally, the SEC cannot save its time-barred requests through a last-ditch attempt to latch its claims onto the dates of Ms. Skaer's stock option exercises. The SEC has not brought any claim based on or related to the exercise of a single stock option granted to Ms. Skaer. The first paragraph of the SEC's complaint outlines the primary theory of its case—that defendants allegedly "backdated the date on which stock options were *granted*" and then "concealed" the "accounting consequences" of those grants. SAC ¶ 1 (emphasis added). Its case in no way depends on when or how Ms. Skaer exercised any stock options.[10] In any event, as shown above, where a case is based on alleged stock options backdating, the "violation" under § 2462 occurred on the date that the grant—not the exercise—was made.

### III.  CONCLUSION

For the foregoing reasons, Ms. Skaer's motion should be granted.

---

[9] This same line of authority and analysis applies to the three proxy statements that form the entire basis of the SEC's Rule 10b-5(b) "misstatements and omissions" case against Ms. Skaer, i.e., those that were filed with the SEC on April 11, 2002, April 3, 2003 and November 4, 2003.

[10] A failure to report compensation expenses from a backdated grant would constitute a securities violation even if the options were never exercised. The exercises are therefore irrelevant to the alleged violation. While the exercises might have represented continuing *effects* of the purported scheme, *see, e.g.*, SAC ¶ 113, they do not represent a continuing *violation*. *Garcia v. Brockway*, 526 F.3d 456, 460-62 (9th Cir. 2008) (rejecting plaintiffs' effort to avoid application of § 2462 because plaintiffs had "confused a continuing violation with the continuing effects of a past violation"). Likewise, *Getty v. Harmon*, 53 F. Supp. 2d 1053, 1055-56 (W.D. Wash. 1999), is inapposite because, unlike in that case, Ms. Skaer's stock option exercises did not entail or require new investment decisions by shareholders or anyone else.

| | |
|---|---|
| Dated: February 8, 2013 | MICHAEL D. TORPEY<br>JAMES N. KRAMER<br>JAMES A. MEYERS<br>JUSTIN P. BAGDADY<br>MATTHEW A. TOLVE<br>ALEXIS J. YEE-GARCIA<br>Orrick, Herrington & Sutcliffe LLP |

By: _____/s/_____
JAMES A. MEYERS
Attorneys for Defendant
SUSAN SKAER