IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>MERCURY INTERACTIVE LLC (F/K/A MERCURY INTERACTIVE, INC.), AMNON LANDAN, SHARLENE ABRAMS, DOUGLAS SMITH, and SUSAN SKAER,<br><br>    Defendants.<br>_____ / | No. C 07-02822 WHA<br><br>**ORDER DENYING DEFENDANT SUSAN SKAER'S MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

In this enforcement action brought by the Securities and Exchange Commission, all parties remaining in this action have filed motions for summary judgment and/or partial summary judgment. This order addresses only defendant Susan Skaer's motion for summary judgment. For the reasons stated below, defendant Skaer's motion for summary judgment is **DENIED**.

**STATEMENT**

This action involves allegations by the Securities and Exchange Commission that Mercury Interactive, Inc., and four of its senior executives engaged in a scheme involving backdating stock options in violation of the Securities Act of 1933 and the Securities and Exchange Act of 1934. Following an investigation that was initiated by the Commission in November 2004 (see Dkt. No.

259), the Commission commenced this civil action on May 31, 2007. After three motions to dismiss, numerous motions to reconsider, and a motion for sanctions regarding discovery conduct, this action has finally progressed to the summary judgment stage. This action was reassigned from Judge Jeremy Fogel to the undersigned judge on September 27, 2011.

The factual allegations are described in detail in prior orders and need not be repeated here (see Dkt. Nos. 86, 119, 147). In brief, the Commission alleges that Mercury and the four individual defendants engaged in a fraudulent scheme to implement stock option grants with exercise prices below the stock's market price on the grant date while concealing the nature of the grants and failing to report associated compensation expenses in accordance with Generally Accepted Accounting Principles ("GAAP"). The Commission alleges that defendants used hindsight to selectively choose dates with the most valuable options possible, "while creating the false appearance that the options were priced in accordance with the company's shareholder-approved stock option plan" (Second Amd. Compl. at ¶ 27). Further, the company's stock option plans in place during the relevant period provided that "grants were required to be priced as of the fair market value of the company's stock on the date of grant" (*id.* ¶ 79). Pursuant to this scheme, defendants allegedly concealed associated compensation expenses of $258 million (*id.* at ¶¶ 44, 134, 226).

Defendant Susan Skaer was Mercury's outside counsel from October 1996 through November 2000, at which point she became the company's general counsel and secretary until her termination in November 2005. Attorney Skaer filed the instant motion for summary judgment as to all of the Commission's claims against her.

This order holds as follows. *First*, on this record, a jury could reasonably find that Attorney Skaer was a knowing participant in a scheme by which defendants caused Mercury to issue backdated stock options in violation of Mercury's internal stock options plans and without reporting compensation expenses in accordance with GAAP. *Second*, Attorney Skaer contends that the relief the Commission seeks is time-barred under 28 U.S.C. 2462. To the extent stated below, her motion for summary judgment as to untimeliness is **DENIED**.

# ANALYSIS

## 1. LEGAL STANDARD.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Where the party moving for summary judgment would bear the burden of proof at trial, that party bears the initial burden of producing evidence that would entitle it to a directed verdict if uncontroverted at trial. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party bears the initial burden of either producing evidence that negates an essential element of the non-moving party's claims, or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. If the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show there exists a genuine issue of material fact. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the moving party does not satisfy its initial burden, then the non-moving party has no obligation to produce anything and summary judgment must be denied. If, however, the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show there exists a genuine issue of material fact. *Ibid.*

## 2. APPLICATION OF 28 U.S.C. 2462.

Attorney Skaer contends that the Commission's request for civil monetary penalties, injunctive relief, and application of the director and officer bar are untimely pursuant to 28 U.S.C. 2462. That provision is a general provision not limited to actions brought by the Commission. Section 2462 provides that:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

3

Our court of appeals has stated that no statute of limitations applies to civil enforcement actions by the Commission. *SEC v. Rind*, 991 F.2d 1486, 1492 (9th Cir. 1993). In the context of a motion to dismiss, defendants herein previously argued that the five-year limitation period of Section 2462 applied, such that the forms of relief the Commission seeks that arises out of conduct occurring before May 31, 2002, were time-barred. Defendants contended that the limitation period applied to the Commission's prayer for relief for civil monetary penalties as well as permanent injunctive relief, disgorgement of wrongfully obtained benefits, an order barring defendants from serving as officers or directors of any public company, and repayment of bonuses and stock profits. Judge Fogel stated that "[b]ecause *Rind* did not address application of Section 2462, this Court concludes that there is an open question as to that statute's application" (Dkt. No. 86 at 6). Judge Fogel reserved judgment on whether the limitations period might be subject to equitable tolling, stating that the Commission "may be able to demonstrate that its failure to discover the operative facts at an earlier date was the result of Defendants' concealment rather than any lack of diligence" (*id.* at 7).

### A. Equitable Tolling.

The parties agree that Section 2462 applies to the Commission's request for civil monetary penalties, although the Commission disputes that it applies to the remaining equitable remedies it seeks (*See* Dkt. No. 287 at 23). The Commission contends, however, that none of the relief it seeks is untimely because equitable tolling applies.

Our court of appeals has held that the "discovery of violation" rule does not apply to Section 2462. *See Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996) (citing *3M Co. v. Browner*, 17 F.3d 1453, 1462–63 (D.C. Cir. 1994)). In *Williams*, our court of appeals rejected the contention of the Federal Election Commission that the discovery rule applied to Section 2462 and adopted a "date of violation" standard for accrual. *Williams*, 104 F.3d at 240. Our court of appeals quoted with approval the opinion in *Browner*, which stated that a discovery-of-violation rule would be "unworkable; outside the language of the statute; inconsistent with judicial interpretations of § 2462; unsupported by the discovery of injury rule adopted in non-enforcement, remedial cases; and incompatible with the functions served by a statute of

4

limitations in penalty cases." *Ibid*. (quoting *Browner*, 17 F.3d at 1460). Absent equitable tolling, therefore, a claim accrues on the date the defendant allegedly violated the statute. *See Browner*, 17 F.3d at 1461.

In *Williams,* however, our court of appeals held that Section 2462 is nonetheless subject to equitable tolling in cases of fraud:

> To establish that equitable tolling applies, a plaintiff must prove the following elements: fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action *within the limitations period*, and due diligence by the plaintiff until discovery of those facts.

*Id*. at 240–41 (emphasis added) (citing *King & King Enters. v. Champlin Petroleum Co.*, 657 F.2d 1147, 1154 (10th Cir. 1981) and *Dayco Corp. v. Goodyear Tire & Rubber Co*., 523 F.2d 389, 394 (6th Cir. 1975)). The three-prong test adopted by our court of appeals in *Williams* appears to have been taken from the Sixth Circuit's opinion in *Dayco*. This order will return to *Dayco* and its subsequent history in a moment; first, however, the subsequent development of equitable tolling in our own circuit must be examined.

### *(1)   Discovery of Facts "Within the Limitations Period."*

The Commission points to evidence establishing that it was not aware of Skaer's misconduct prior to the initiation of its investigation in January 2004 (Schlegelmilch Decl. Exh. 26 at 6–8). As further indication of the difficulty of sniffing out the alleged fraud, the Commission relies on the amount of work and length of time required in the company's own investigation, as reported in Mercury's special committee report responding to NASDAQ (Williams Decl. Exh. 2 at 7–12). Skaer argues that these facts establish that the Commission was on notice of the operative facts in 2004, which is well within the limitations period. At the very latest, the Commission must have known sufficient facts by November 4, 2005, when the special committee's report to NASDAQ was disclosed. That 48-page report detailed, *inter alia*, the special committee's review of stock option grants, specific grant date determinations, option-vesting and exercise practices, the state of mind of all individual defendants whom the Commission eventually sued (including Attorney Skaer), and accounting control and reporting weaknesses contributing to the problems with stock-option practices (Williams Decl. Exh. 2).

5

According to one of the special committee's attorneys from outside law firm O'Melveney & Myers, the attorneys "communicated with the [Commission] about our investigation and what we were learning and what conclusions we were reaching" (Yee-Garcia Decl., Dkt. No. 291, Exh. 3 at 6). Thus, according to Skaer, the Commission was on notice of facts sufficient to bring this lawsuit by November 4, 2005, but did not do so until May 31, 2007. The Commission has not explained this delay.

Based on the timeline described above, it would appear that, applying the *Williams* criteria to the facts herein, the Commission cannot meet the requirement that the plaintiff seeking equitable tolling failed "to discover the operative facts that are the basis of its cause of action *within the limitations period*." *Williams*, 104 F.3d at 240 (emphasis added). In *Williams*, our court of appeals did not discuss the second prong of the test regarding the plaintiff's failure to discover operative facts "within the limitations period," holding only that equitable tolling did not apply because the plaintiff Federal Election Commission had not established fraudulent concealment. Nor has our court of appeals subsequently applied the *Williams* test to elucidate the phrase. The Commission contends, however, that our court of appeals' statement in *Williams* does *not* mean what it says on its face, pointing to a later *en banc* decision in *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194–95 (9th Cir. 2001) (en banc). There, our court of appeals considered whether the period for filing a motion to reopen an immigration case established in 8 C.F.R. 3.2(c)(2) was subject to equitable tolling. In *Socop*, the plaintiff had 90 days in which to file a motion to reopen deportation proceedings following a final administrative decision in his asylum case. He was put on notice of the relevant facts within the 90-day period and still had 27 days in which he could have filed his motion. Our court of appeals stated that equitable tolling should apply "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Id.* at 1193 (internal quotation and citations omitted). Next, our court of appeals considered the rule employed in *Santa Maria v. Pacific Bell*, 202 F.3d 1170 (9th Cir. 2000), which stated that, in an action under the Americans with Disabilities Act, a plaintiff who discovered the operative facts for *part* of the limitations period but could potentially have filed suit before the period expired could *not* invoke the doctrine

6

of equitable tolling. The *en banc* court expressly rejected the approach to equitable tolling advanced in *Santa Maria*, stating that such a rule "imposes a more complicated scheme" whereby a court "must also determine whether the party discovered the need to file early enough in the limitations period that he or she could reasonably be expected to file before the period expired." *Socop,* 272 F.3d at 1195. According to our court of appeals, "this approach to tolling is needlessly difficult to administer, runs counter to Supreme Court precedent, and undermines the policy objectives of the statute of limitations." *Ibid*. Instead, "the event that 'tolls' the statute simply *stops the clock* until the occurrence of a later event that permits the statute to resume running." *Ibid*. (emphasis in original). Therefore, our court of appeals held that, to determine whether tolling should apply, "we need only ask whether [the plaintiff] filed within the limitations period after tolling is taken into account." *Id.* at 1196. As applied in *Socop*, our court of appeals held that equitable tolling should apply because the plaintiff was otherwise diligent in pursuing his rights, but was prevented from discovering the facts due to circumstances beyond his control; plaintiff therefore had 90 days from the date of notice in which to file.

Here, in light of the facts of this case and the *en banc* court's explicit rejection of the theory advanced by Skaer, this order is compelled to accept the Commission's interpretation of equitable tolling. The *en banc* decision in *Socop* was decided after *Williams* and clearly stands for the proposition that a diligent plaintiff who is on notice of operative facts within the original limitations period, but may theoretically still have time to file, may nonetheless be eligible for equitable tolling. There is no plausible way to limit *Socop* to immigration cases so as to carve out Section 2462 cases. Its rationale cuts across limitations of all types. This order concludes that our court of appeals would apply the *en banc* rule from *Socop* to Section 2462.

As discussed above, the *Williams* decision appears to have adopted the three-prong test articulated by the Sixth Circuit in *Dayco*. The Sixth Circuit has itself revisited the *Dayco* test and has reached the same result as in *Socop*. In *Norton-Children's Hospitals, Inc. v. James E. Smith & Sons, Inc*., 658 F.2d 440, 444 (6th Cir. 1981), the Sixth Circuit acknowledged that:

> [T]he opinion in *Dayco* does state that one of the three elements of fraudulent concealment is the failure of the plaintiff to discover the facts that are the basis of his claim within the limitations period. This language does not, however, require the conclusion that if the plaintiff

7

> discovers or should discover his claim within the original period he must *file within the original period*.

(emphasis added). The court of appeals stated that *Dayco* stands only for the proposition that "after the plaintiff should have discovered that he had a cause of action there is no tolling." *Ibid.* Therefore, the court of appeals determined that the *Dayco* decision is consistent with the general rule that the statute of limitations does not start until fraudulent concealment is or should be discovered. *Ibid.* To hold otherwise would "lead to an untenable result such as the situation in which the plaintiff discovers or should discover his cause of action just before the period of limitations expires." Lastly, the Sixth Circuit noted that the great weight of authority supported the application of equitable tolling. Accordingly, even where the plaintiff discovered the necessary facts within the four-year limitations period applicable there, the statute of limitations was tolled until the date of discovery.

In response to the foregoing, Skaer contends that *Socop* is inapplicable here, as the decision did not consider the three-part test articulated in *Williams* and addressed a short 90-day statute of limitations applicable to immigration proceedings, not the five-year limitations period of Section 2462. But this is only a coincidental circumstance and defendant's theory cannot be reconciled with the broad language in that decision. Following a lengthy analysis, our court of appeals in *Socop* held that, where a diligent plaintiff was prevented from obtaining relevant facts, equitable tolling may be applied, notwithstanding the fact that the plaintiff discovered such facts in time to file suit. The later decision by the *en banc* court, which explicitly rejected the interpretation of equitable tolling defendant advances, is controlling.

Nonetheless, whether or not equitable tolling is properly applied here depends on the facts of this case. It will be for the trier of fact to determine whether the Commission can demonstrate equitable tolling at trial. A separate issue is whether equitable tolling is for the Court or the jury to determine. The parties have not briefed this issue, but should do so in advance of the pre-trial conference.

8

**CONCLUSION**

For the reasons stated above, defendant Skaer's motion for summary judgment regarding scheme liability is **DENIED.** To the extent stated above, Skaer's motion as to untimeliness under Section 2462 is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 13, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE