1   DAVID WILLIAMS (Cal. Bar No. 183854)
    STEPHAN J. SCHLEGELMILCH
2   Attorneys for Plaintiff
    SECURITIES AND EXCHANGE COMMISSION
3   100 F Street, N.E.
    Washington, DC  20549-5977
4   Telephone:  (202) 551-4548
    Facsimile:   (202) 772-9246
5   e-mail:  williamsdav@sec.gov
             schlegelmilchs@sec.gov
6

7
                    UNITED STATES DISTRICT COURT
8                  NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
9

10

11  SECURITIES AND EXCHANGE              Case No. 07-cv-02822 WHA/JSC
    COMMISSION,
12                                       [PROPOSED] FINAL JUDGMENT AS
                    Plaintiff,           TO DEFENDANT DOUGLAS SMITH
13
            vs.
14
    MERCURY INTERACTIVE, et al.,
15
                    Defendants.
16

17

18
         The Securities and Exchange Commission having filed a Complaint and Defendant
19
    Douglas Smith having entered a general appearance; consented to the Court's jurisdiction over
20
    Defendant and the subject matter of this action; consented to entry of this Final Judgment without
21
    admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings
22
    of fact and conclusions of law; and waived any right to appeal from this Final Judgment:
23
                                              I.
24
         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and
25
    Defendant's agents, servants, employees, attorneys, and all persons in active concert or
26
27
    participation with them who receive actual notice of this Final Judgment by personal service or
28

otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $451,200, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant's disgorgement obligation is deemed satisfied by his previous $451,200 payment to Mercury Interactive Corporation. Defendant shall satisfy his remaining obligation by paying $100,000 to the Securities and Exchange Commission within 60 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

1   Enterprise Services Center
    Accounts Receivable Branch
2   6500 South MacArthur Boulevard
    Oklahoma City, OK 73169
3

4   and shall be accompanied by a letter identifying the case title, civil action number, and name of

5   this Court; Douglas Smith as a defendant in this action; and specifying that payment is made

6   pursuant to this Final Judgment.

7       Defendant shall simultaneously transmit photocopies of evidence of payment and case

8   identifying information to the Commission's counsel in this action. By making this payment,

9   Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of

10  the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to

11  this Final Judgment to the United States Treasury.

12
                                        III.
13

14      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is ordered

15  to reimburse Hewlett-Packard Corporation $2,814,687 pursuant to Section 304 of the Sarbanes-

16  Oxley Act of 2002 [15 U.S.C. § 7243]. Of this amount, $2,564,687 shall be deemed satisfied by

17  Defendant's prior repayments of cash to Mercury Interactive Corporation and his forgoing of his

18  right to exercise certain options. Defendant shall satisfy the remainder of his reimbursement

19  obligation by paying to Hewlett-Packard Corporation $250,000 within 60 days of the entry of this

20  Final Judgment. Defendant shall deliver to counsel for Plaintiff Securities and Exchange

21  Commission proof of satisfying this reimbursement obligation. Defendant shall not seek

22
23  indemnification from Hewlett-Packard Corporation or any other entity or person for the payments

24  required by this paragraph.

25

26

27

28

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. This Court shall retain such jurisdiction until February 21, 2017.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____February 21_, 2013



WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE