DAVID WILLIAMS (Cal. Bar No. 183854)
STEPHAN J. SCHLEGELMILCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549-5977
Telephone: (202) 551-4548
Facsimile: (202) 772-9246
e-mail: williamsdav@sec.gov
        schlegelmilchs@sec.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 07-cv-02822 WHA/JSC |
| Plaintiff, | [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT AMNON LANDAN |
| vs. | |
| MERCURY INTERACTIVE, et al., | |
| Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Amnon Landan having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

1    (c)    to engage in any transaction, practice, or course of business which operates or

2           would operate as a fraud or deceit upon the purchaser.

3

4                                          III.

5        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

6    and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

7    participation with them who receive actual notice of this Final Judgment by personal service or

8    otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange

9    Act [15 U.S.C. § 78n(a)] and Rule 14a-9 [17 C.F.R. § 240.14a-9], promulgated thereunder,

10   directly or indirectly, by making solicitations by means of a proxy statement, form of proxy,

11   notice of meeting or other communication, written or oral, containing any statement which, at the

12   time and in the light of the circumstances under which it is made, is false or misleading with

13   respect to any material fact, or which omits to state any material fact necessary in order to make

14   the statements therein not false or misleading or necessary to correct any statement in any earlier

15   communication with respect to the solicitation of a proxy for the same meeting or subject matter

16   which has become false or misleading.

17                                         IV.

18       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

19   and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

20   participation with them who receive actual notice of this Final Judgment by personal service or

21   otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the

22   Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1], directly or

23   indirectly, by knowingly circumventing or knowingly failing to implement a system of internal

24   accounting controls or knowingly falsifying or causing to be falsified any book, record, or

25   account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

26

27

28

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-1 of the Exchange Act [17 C.F.R. 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 [17 C.F.R. § 240.13b2-2], by, directly or indirectly,

(a) making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) any audit, review or examination of the financial statements of an issuer, or (ii) the preparation or filing of any document or report required to be filed with the Commission;

(b) taking action, or directing another to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13], promulgated thereunder, directly or indirectly, by knowingly providing substantial assistance to an issuer having securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)], by:

(c)    filing or causing to be filed with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed; or

(d)    failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(e)    failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles (GAAP) or any other criteria applicable to such statements and (b) to maintain accountability for assets; (3) access to assets

is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited, for 5 years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14], directly or indirectly, by falsely signing personal certifications indicating that Defendant has reviewed periodic reports containing financial statements that an issuer filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and that, among other things, based on Defendant's knowledge,

(a)     these reports do not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report;

(b)     Defendant has designed, evaluated the effectiveness of, and presented in the report their conclusions about the effectiveness of, the issuer's internal controls; and

1

2          (c)      Defendant has disclosed to the issuer's auditors and the audit committee of the

board of directors any fraud, whether or not material, that involves management or other

3

employees who have a significant role in the registrant's internal control over financial reporting.

4
                                              X.
5                 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

6    liable for disgorgement of $677,300, representing profits gained as a result of the conduct alleged

7    in the Complaint, together with prejudgment interest thereon in the amount of $575,522 and a

8
     civil penalty in the amount of $1,000,000 pursuant to Section 20(d) of the Securities Act [15
9
     U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant
10

11   shall satisfy this obligation by paying $2,252,822 to the Securities and Exchange Commission

12   within 30 days after entry of this Final Judgment.

13         Defendant may transmit payment electronically to the Commission, which will provide

14   detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

15   from a bank account via Pay.gov through the SEC website at

16
     http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank
17
     cashier's check, or United States postal money order payable to the Securities and Exchange
18

19   Commission, which shall be delivered or mailed to

20         Enterprise Services Center
           Accounts Receivable Branch
21         6500 South MacArthur Boulevard
           Oklahoma City, OK 73169
22
     and shall be accompanied by a letter identifying the case title, civil action number, and name of
23
     this Court; Amnon Landan as a defendant in this action; and specifying that payment is made
24

25   pursuant to this Final Judgment.

26         Defendant shall simultaneously transmit photocopies of evidence of payment and case

27   identifying information to the Commission's counsel in this action.  By making this payment,

28

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is ordered to reimburse Mercury Interactive LLC $5,064,678 pursuant to Section 304 of the Sarbanes-Oxley Act of 2002 ("§ 304") [15 U.S.C. § 7243]. Of this amount, $2,817,500 shall be deemed satisfied by Defendant's prior return of vested options to Mercury Interactive Corporation. Defendant shall satisfy the remainder of his reimbursement obligation by paying to Mercury Interactive LLC $2,247,178 within 30 days of the entry of this Final Judgment, the timely payment of which shall constitute full satisfaction of Defendant's reimbursement obligation under §304. Defendant shall deliver counsel for Plaintiff Securities and Exchange Commission proof of satisfying this reimbursement obligation. Defendant shall not seek indemnification from Mercury Interactive LLC or any other entity or person for the payments required by this paragraph.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

1    This Court shall retain such jurisdiction until February 21, 2017.

2                                        XIV.

3        There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

4    Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

5    Dated: _____February 21__, 2013

6

7                                                              

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28